UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DARRYL M. CURRY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-724-CAS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Darryl M. Curry to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Movant pleaded guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). He was sentenced on March 11, 2010, to 37 months' imprisonment and 25 years of supervised release. Movant did not appeal.

Movant seeks relief from his conviction and sentence on the grounds of ineffective assistance of counsel and violations of his due process and equal protection rights.

### Discussion

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1) and subject to summary dismissal. Movant's conviction became final in March 2010, but he did not file this motion to vacate until April 18, 2012. Thus, it appears that the instant motion to vacate is untimely. Because movant has not advanced an explanation that warrants tolling of the one-year statute of limitations, the Court will order him to show cause within thirty days of the date of this Order as to why this matter should not be dismissed as untimely.

Accordingly,

**IT IS HEREBY ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant motion appears to be time-barred.

**IT IS FURTHER ORDERED** that movant shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant motion as time-barred.

Movant's failure to file a show cause response shall result in the denial of the instant motion to vacate and the dismissal of this action as time-barred.

　　　　　　　　　　　　　　　　　　　　／s／ Charles A. Shaw
　　　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this __22nd__ day of May, 2012.